## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JACQUELIN LIVINGSTON,                    )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          Case No. 23-CV-335-CVE-MTS
                                         )
HUMANA, INC.,                            )
                                         )
                    Defendant.           )

## OPINION AND ORDER

Now before the Court is Defendant Humana Inc's Motion for Partial Dismissal (Dkt. # 6).

Defendant Humana, Inc. (Humana) asks the Court to dismiss plaintiff's claim under the Oklahoma

Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1101 et seq. (OADA), insofar as the claim concerns

the termination of plaintiff's employment.   Humana also seeks the dismissal of plaintiff's sex

discrimination claims under Title VII of the Civil Rights Act of 1964,  42 U.S.C. § 2000e et seq.

(Title VII), and the Equal Pay Act, 29 U.S.C. § 206(d) (EPA).  Plaintiff responds that she did not

intend to allege a sex discrimination claim under Title VII, and she also agrees to the dismissal

without prejudice of her EPA claim. Dkt. # 19, at 1.  However, plaintiff argues that she fully

exhausted her administrative remedies for her OADA claim as to her termination, because she filed

an amended charge of discrimination that relates back to the filing of her original charge.  Id. at 2.

Humana's motion to dismiss (Dkt. # 6) will be granted as to the dismissal of plaintiff's Title VII sex

discrimination claim and her EPA claim, and the Court will consider the parties' arguments

concerning the exhaustion of administrative remedies as to plaintiff's OADA claim.

Plaintiff filed this case in Tulsa County District Court, alleging that she was formerly

employed by Humana. Dkt. # 2-1, at 4.  Plaintiff worked for a team assigned to Oklahoma for efforts

to privatize the state's Medicaid program, but the team was disbanded after the Oklahoma Supreme Court struck down the state's attempt to implement a managed care Medicaid program.  Id.; Oklahoma State Medical Association v. Corbett, 489 P.3d 1005 (Okla. 2021).  Plaintiff alleges that the other members of the team were white and male, and those employees were reassigned to positions that allowed them to keep their seniority and their 15 percent bonus rate.  Dkt. # 2-1, at 4.  However, plaintiff states that she was demoted and reassigned to a position with only an eight percent bonus rate, and she is female and African American.  Id.  Plaintiff complained to Humana's human resources department that she believed she had been demoted because of her race, and she claims that Humana subsequently terminated her employment in March 2022.  Id.  Plaintiff alleges claims of racial discrimination and retaliation under Title VII and the OADA, as well as a claim under the EPA based on allegations that she was paid less than her male coworkers.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) prior to her termination in March 2022, alleging that she moved to Oklahoma to work on Humana's Medicaid contract team, and she asserts that she was treated less favorably than her white coworkers after the contract team was disbanded.  Dkt. # 6-1, at 2.  Plaintiff alleges that her white coworkers were reassigned to jobs with higher pay, while she was demoted and paid at a lower rate than her white coworkers.  Id.  Plaintiff complained to human resources that she felt she had been demoted because of her race, and she claims that the human resources department "immediately attempted to push [her] out of the company by forcing [her] to take a severance . . . ."  Id.  Plaintiff's initial charge states that the discrimination was ongoing, and she checked the boxes for race discrimination and retaliation.  Id.  Plaintiff's employment was terminated on March 8, 2022, and she filed an amended charge of discrimination. Plaintiff alleges that she was fired for

complaining about Humana's discriminatory conduct.  Dkt. # 6-2.  The amended charge appears to have been signed by plaintiff on June 10, 2022, although the parties represent that the amended charge was filed in November 2022.  Dkt. # 6-2, at 2; Dkt. # 6-2, at 2; Dkt. # 19, at 1.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.[1]  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions."  Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant.  Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton

---

[1]     Humana asks the Court to dismiss plaintiff's OADA claim for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), but the Tenth Circuit has clarified that the exhaustion of administrative remedies is a "claims processing" rule rather than a jurisdictional prerequisite in the context of a Title VII claim.  Jones v. Needham, 856 F.3d 1284, 1289 (10th Cir. 2017).  OADA and Title VII claims are evaluated under the same framework, and both types of claims have an exhaustion requirement, and the Court will treat the exhaustion requirement under the OADA as a claims processing rule for the purpose of this Opinion and Order.  See Johnson v. Spirit Aerosystems, Inc., 2021 WL 6066701 (N.D. Okla. Mar. 26, 2021).  Therefore, the Court will apply the standard applicable to motions under Rule 12(b)(6), and the Court will not treat defendant's motion (Dkt. # 6) as a motion to dismiss for lack of jurisdiction under Rule 12(b)(1).

Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Humana argues that plaintiff failed to timely exhaust her administrative remedies for her OADA claims as to the termination of her employment.  Dkt. # 6, at 5-6.  The OADA prohibits employers from discriminating against individuals based on "race, color, religion, sex, national origin, age, genetic information or disability."  OKLA. STAT. tit. 25, § 1302.  Claims under the OADA are evaluated using the same standards as claims under Title VII, and a claim that fails under Title VII will also fail under the OADA.  Gibson v. Mabrey Bank, 2015 WL 5098698, *11 (N.D. Okla. Aug. 31, 2015).  To state a prima facie case of discrimination under Title VII, a plaintiff must allege: (1) that the victim belongs to a protected class; (2) that the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.  EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007).

For the Court to have jurisdiction over a plaintiff's OADA claim concerning her termination, the plaintiff must exhaust her administrative remedies by filing a charge of discrimination within 180 from the last date of the alleged discrimination. OKLA. STAT. tit. 25, § 1302.  Palzer v. Cox Oklahoma Telecom, LLC, 2018 WL 3240961 (N.D. Okla. July 3, 2018).  "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination."  MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005).  This is a more lenient pleading standard that is meant to take into

consideration that many employees fill out charges of discrimination without the benefit of counsel. Mitchell v. City & Cnty. of Denver, 112 F. App'x 662, 667 (10th Cir. 2004).[2] "A charge need only "describe generally" the alleged discrimination in order to "give notice of an alleged violation to the charged party." Jones, 856 F.3d 1284 (10th Cir. 2017) (internal citations omitted).

Plaintiff argues that she has fully exhausted her administrative remedies, because she filed an amended charge that relates back to her timely-filed initial charge. Dkt. # 19, at 2. In this case, plaintiff filed an initial charge of discrimination (Dkt. # 6-1) based on her alleged demotion, and she subsequently filed an amended charge of discrimination (Dkt. # 6-2) after her employment was terminated in March 2022. There is no dispute that plaintiff's initial charge was timely, and the issue in this case is whether plaintiff's amended charge relates back to the filing of her initial charge. For the relation back doctrine to apply, an amended charge must cure technical defects or omissions, clarify or amplify the allegations of the original charge, or allege additional acts of discrimination "related to or growing out of the subject matter of the original charge . . . ." 29 C.F.R. § 1601.12(b). The amended charge must be filed within the applicable limitations period for the discrete act of discrimination, which in the case of an OADA claim is 180 days. Simko v. United States Steel Corp., 992 F.3d 198 (3d Cir. 2021); Reese v. Krones, Inc., 811 F. App'x 371 (7th Cir. June 30, 2020); Sanchez v. City and Cnty of Denver by and through Bd. of Cnty Commr's, 2019 WL 5695949 (D. Colo. Nov. 4, 2019).

Neither party has cited any decision by an Oklahoma court concerning the filing of an amended charge or the relation back doctrine as to OADA claims, and both plaintiff and defendant

---

[2]     This and all other unpublished opinions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

rely on federal law concerning the exhaustion of administrative remedies for workplace discrimination claims. In this Opinion and Order, the Court will apply federal law concerning the relation back of an amended charge to an earlier and timely-filed charge. Plaintiff filed her initial charge in November 2021, and her employment was subsequently terminated on March 8, 2022. The parties suggest that plaintiff filed an amended charge in November 2022, but the copy of the amended charge attached to defendant's motion to dismiss appears to have been signed by plaintiff on June 10, 2022. The date on which the amended charge was signed is a significant factor in determining whether plaintiff will be permitted to proceed with her OADA claim concerning events taking place after the filing of her initial charge. Plaintiff must be able to show that her amended charge was filed within 180 days of her termination, and she will be able to do so if the amended charge was presented to the EEOC on June 10, 2022. However, it is likely that her amended charge will be untimely under the OADA if she did not file the amended charge until November 2022. The Court cannot resolve this issue on a motion to dismiss, and defendant may present this issue in a motion for summary judgment at a later stage of the litigation.

**IT IS THEREFORE ORDERED** that Defendant Humana Inc's Motion for Partial Dismissal (Dkt. # 6) is **granted in part** and **denied in part**: plaintiff's sex discrimination and EPA claims are dismissed, but defendant's motion is denied as to the dismissal of plaintiff's OADA claim concerning plaintiff's termination.

**DATED** this 28th day of November, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE